UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ARTHUR CLARK,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>COVELLO,<br><br>　　　　　　Respondent. | No.  23-cv-1088 DAD KJN P<br><br>**ORDER AND NOTICE TO PRO SE HABEAS PETITIONER REGARDING EXHAUSTION** |

　　　　Petitioner is a state prisoner, proceeding pro se.  On September 18, 2023, respondent filed a motion to dismiss.  Petitioner was advised in the July 19, 2023 order that his opposition to the motion is due thirty days from the date any motion to dismiss was filed.  (ECF No. 9.)

　　　　Respondent alleges that petitioner failed to exhaust his state court remedies as to the ineffective assistance of trial counsel claim (first claim), arguing petitioner's first claim was not presented to the California Supreme Court.

　　　　Federal law requires any habeas claim to be presented first to the state courts in order to correct any constitutional error.  See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982) (explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state court review).

1

If petitioner has not yet presented all of claims to the highest state court, petitioner may request the federal court to place the federal habeas petition on hold while petitioner returns to state court(s) in order to fully exhaust the claim(s). This is referred to as a "stay and abeyance." Federal law provides for two very different types of a stay and abeyance. Any motion for a stay should specify which type of stay petitioner seeks.

The first type of a stay is referred to as a "Rhines" stay. See Rhines v. Weber, 544 U.S. 269, 278 (2005). The court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). Petitioner should address all three of these factors if requesting a Rhines stay. If the court grants the request for a Rhines stay, the entire federal habeas petition including the unexhausted claim(s) will be put on hold. It does not require any amended federal habeas petition to be filed by petitioner.

The second type of a stay is referred to as a "Kelly" stay. In Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and, (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. This is a more cumbersome procedure than a Rhines stay because it requires petitioner to file multiple amended federal habeas petitions, but it does not require a petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, a Kelly stay runs the risk of preventing review on the merits of any unexhausted claim for relief due to the one year statute of limitations governing federal habeas claims. See King, 564 F.3d at 1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them **only** if those claims

are determined to be timely. Demonstrating timeliness will often be problematic under the now-applicable legal principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1) (stating that a one year period of limitation shall apply to all federal habeas petitions challenging a state court judgment).

Nothing in this notice prevents petitioner from returning to state court while there is a pending motion to dismiss the federal habeas petition based on lack of exhaustion. If the state court issues a ruling on the constitutional claim(s) while the instant federal habeas case is pending, petitioner should file a "Notice of Exhaustion" in this court along with a copy of the state court ruling.

In light of the additional information provided above, the undersigned grants petitioner an extension of time to file his opposition to the motion to dismiss. Failure to oppose the motion to dismiss may result in a recommendation that the motion to dismiss be granted.

Accordingly, IT IS HEREBY ORDERED that petitioner is granted thirty days from the date of this order in which to file an opposition to the motion to dismiss.

Dated: October 3, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/clar1088.eot